# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DAVID STANLEY,** ) | |
| ) | Case No. 2:06CV00031 |
| Plaintiff, ) | |
| ) | **OPINION** |
| v. ) | |
| ) | By: James P. Jones |
| **GERALD LEE GRAY, ET AL.,** ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*David Stanley, Pro Se Plaintiff; Anthony E. Collins, Wise, Virginia, Pro Se Defendant; James V. Ingold, George W. Chabalewski and James C. Stuchell, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant J. Robert Stump; Daniel R. Bieger, Copeland & Bieger, P.C., Abingdon, Virginia, for Defendants Community Based Corrections, Inc. and Paul Darrell Smith; Carlene Booth Johnson, Perry & Windels, Dillwyn, Virginia, for Defendants County of Wise, Virginia, Gerald Lee Gray, Gregory Kallen, and J. Jack Kennedy, Jr.*

The plaintiff sues under 42 U.S.C.A. §1983 (West 2003) and state law against several individuals and entities in Virginia including a retired Virginia circuit court judge, two special state prosecutors, a state court clerk, the plaintiff's former criminal defense counsel, and a private home monitoring company and its owner. Motions to dismiss have been filed. The plaintiff has responded to these motions, and they are now ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decision process.

I

On December 9, 2005, the plaintiff, David Stanley, filed the present action in the United States District Court for the Central District of California.[2] This case stems from the plaintiff's 1989 convictions in Wise County, Virginia, of securities fraud, embezzlement, and obtaining money by false pretenses. Following his convictions, the plaintiff was sentenced by Virginia Circuit Court Judge J. Robert Stump to thirty-six years imprisonment with twenty-eight years suspended, and ordered to pay restitution. After he served three years imprisonment, the plaintiff's sentence was modified to probation and in 1996, he left Virginia and moved to California without making full restitution to his victims. In 2000, the plaintiff returned to Virginia and turned himself in to the Wise County authorities. Judge Stump allowed the plaintiff to remain free on work release and ordered him to pay the rest of the 1989 restitution order. In 2001, Judge Stump found the plaintiff guilty of violating his probation, but in lieu of a jail sentence, Judge Stump ordered the plaintiff to complete 2000 hours of community service.

---

[2] The plaintiff previously filed a pro se complaint in the Eastern District of Tennessee seeking injunctive relief against many of the same defendants. The case was then transferred sua sponte to this court, and I dismissed the action because there were ongoing state criminal proceedings and thus I did not have the power to interfere with those proceedings. *Stanley v. Smith*, No. 2:04CV00034 (W.D. Va. Dec. 20, 2004).

The plaintiff claims that the defendants violated his rights by, among other things, conspiring to extort money from him through threats of more jail time, attempting to prevent him from filing motions for relief in Judge Stump's court, and obtaining and issuing a fraudulent order to extradite him from California. Jurisdiction over the federal claims is asserted based on 28 U.S.C.A. §§ 1331 (federal question) and 1343 (civil rights) and over the state law claims based on 28 U.S.C.A. § 1367 (supplemental jurisdiction).[3]

Defendants Gerald Lee Gray and Gregory Kallen were the special prosecutors in the 1989 state criminal case, and defendant J. Jack Kennedy, Jr., is the clerk of Wise County Circuit Court. Defendant Anthony E. Collins served as the plaintiff's retained attorney between April 2000 and November 2004 in proceedings related to the 1989 criminal case, and defendant Paul Darrell Smith is the president of defendant Community Based Corrections, Inc. ("CBCI"), a private Virginia company that was hired to oversee the plaintiff's home electronic monitoring and work release program. CBCI allegedly worked under the supervision of defendant Behavioral Interventions, Inc. ("BI"), a Colorado corporation that is licensed to render home electronic

---

[3] The present case was originally filed on behalf of the plaintiff by an attorney, but following the transfer to this district, the plaintiff has been proceeding pro se. Initially there was another plaintiff, Lazaron Ventures, Inc., a California corporation. However, after the case was transferred that plaintiff was dismissed from the case because it failed to enter an appearance by an attorney and a corporation may not appear in this court pro se.

- 3 -

Case 2:06-cv-00031-JPJ-PMS    Document 156    Filed 02/11/07    Page 3 of 19    Pageid#: 992

monitoring services in Virginia. Defendant Stevens was allegedly appointed by Judge Stump to assist in the home electronic monitoring. The initial case also included two California defendants—a California probation officer and the County of Orange, California.

Most of the Virginia defendants filed motions to dismiss in the Central District of California or in the alternative requested that the case be transferred to this district. On March 27, 2006, the court ordered that the action against all of the Virginia defendants be transferred to this court. Before the case was transferred, the plaintiff filed a First Amended Complaint and now seeks leave from this court to amend the First Amended Complaint. Certain of the defendants have filed motions opposing the plaintiff's motion seeking leave to amend the First Amended Complaint[4] and the motions to dismiss are still pending. I will address each defendant in turn.

II

DEFENDANT WISE COUNTY, VIRGINIA.

Although Wise County is a "person" within the meaning of §1983, a local government can only be sued under §1983 if the alleged wrongful conduct executes

---

[4] Some of the defendants also filed a motion seeking to stay all discovery in this case pending resolution of these motions to dismiss. That motion was granted by the magistrate judge.

a policy or custom of the local government. *See Monell v. Dep't of Soc. Serv*s., 436 U.S. 658, 694 (1978). After reviewing the motions, I find that Wise County cannot be sued under § 1983 for the actions alleged in this case, nor can it be sued on any state law tort claims,[5] and hence, I will grant Wise County's Motion to Dismiss.

The plaintiff argues in opposition to this Motion to Dismiss that the alleged violations resulted from Wise County's policy or custom or that a policymaker caused the harm. While a court must accept as true all well-pleaded allegations in the plaintiff's complaint when considering a motion to dismiss, a court is not required to accept as true allegations that are, "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Here, the plaintiff's merely conclusory allegations that the infringing actions executed official policies or customs of Wise County are insufficient to overcome this motion to dismiss, and thus, I will dismiss Wise County.

### DEFENDANT J. ROBERT STUMP.

Defendant Judge Stump is entitled to absolute immunity from any claims arising under § 1983 or state law based on the doctrine of judicial immunity, and

---

[5] Wise County is entitled to sovereign immunity for any claims arising under Virginia state tort law. *See Obenshain v. Halliday*, 504 F. Supp 946, 953-954 (E.D. Va. 1980); *see also Mann v. County Bd. of Arlington County*, 98 S.E.2d 515, 517-519 (Va. 1957).

- 5 -

hence I will also grant his motion to dismiss. As the Supreme Court stated in *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967),"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Furthermore, the Supreme Court held in *Pierson* that judges are entitled to absolute immunity even in suits brought under § 1983, reasoning that if Congress had intended to abolish this long-standing judicial principle when creating § 1983, Congress would have specifically so provided. *Id.* at 554-555.

Moreover, judicial immunity shields a judge from suit even when a judge is accused of having acted maliciously or corruptly in the performance of judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). As the Supreme Court held when adopting the common law doctrine of judicial immunity in *Bradley v. Fisher*, 80 U.S. 335, 349 (1872), the purpose of judicial immunity is to protect the people who benefit from having judges that can exercise their judicial functions independently, without fear of the consequences.

The plaintiff argues that Judge Stump is not entitled to judicial immunity because he acted without jurisdiction and his actions that allegedly infringed the plaintiff's constitutional rights were not judicial acts. However, even accepting the plaintiff's allegations as true for the purposes of this motion, it is clear that Judge

Stump was acting at all times relevant, in a judicial capacity. Even if he acted maliciously or corruptly, the doctrine of judicial immunity still shields him from this suit. Because the plaintiff has not alleged acts that would deprive Judge Stump of judicial immunity, I will grant Judge Stump's Motion to Dismiss.

DEFENDANTS GERALD LEE GRAY AND GREGORY KALLEN.

Defendants Gray and Kallen are also entitled to absolute immunity from any claims arising under § 1983 or state law based on the doctrine of prosecutorial immunity. Even accepting the plaintiff's allegations as true, they do not deprive these defendants of absolute prosecutorial immunity.

As the Supreme Court stated in *Imbler v. Pachtman*, 424 U.S. 409, 422-423 (1976), "The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties." Thus, similar to its decision in *Pierson*, the Court found in *Imbler*, that § 1983 had not eliminated the absolute immunity that prosecutors have historically enjoyed at common law. *Id.* at 427. In short, while the Court recognized that granting prosecutors absolute immunity may leave a wronged defendant without civil redress,[6] removing absolute immunity would be a disservice

---

[6] Additionally, as the Court emphasized in *Imbler*, merely because a wronged defendant is prevented from bringing a civil suit against a prosecutor does not mean that the public cannot punish prosecutors or deter such misconduct. Rather, the Court stated, "This

- 7 -

to the public interest and, "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.* at 427-428.

Furthermore, while the Court did not attempt to define the outer limits of prosecutorial immunity in *Imbler*, the Court has since returned to this issue in *Kalina v. Fletcher*, 522 U.S. 118 (1997). In *Kalina*, the Court held that whenever prosecutors are performing the traditional functions of an advocate, as opposed to their role as administrators or investigators, they are protected by absolute immunity. *Id.* at 131.

The plaintiff claims that the Gray and Kallen are not entitled to prosecutorial immunity since they were not acting as prosecutors when they infringed his constitutional rights. In particular, the plaintiff states in opposition to this motion that "defendants left their roles as prosecutors by undertaking all sorts of activities aimed not at convicting Stanley, but at extorting money and other personal benefits to be had from Stanley being in their custody." (Pl.'s Br. Mot. Dismiss 20.) Contrary to the plaintiff's characterization, in reality none of the allegations contained in the First

---

Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law. . . . Moreover, a prosecutor stands perhaps unique, among officials whose acts could deprive persons of constitutional rights, in his amenability to professional discipline by an association of his peers." *Id*. at 429.

- 8 -

Amended Complaint, even if true, would deprive defendants Gray and Kallen of prosecutorial immunity. Furthermore, after reviewing the plaintiff's proposed Second Amended Complaint, I find that even if I were to allow the plaintiff leave to amend, the plaintiff would still not be able to withstand this Motion to Dismiss.

In fact, the plaintiff's allegations show that at all times relevant to this case, defendants Gray and Kallen were engaged in activities intimately associated with the judicial phase of the criminal process. In particular, the plaintiff alleges that Gray and Kallen enforced and pursued an imposed restitution order, conspired to have him extradited from California, and had corrupt communications with his former defense counsel and the presiding state judge. (Compl. ¶¶ 25, 42-3, 46-8, 54, 57.) Since in all of the activities described, Gray and Kallen were performing the traditional functions of an advocate, even if Gray and Kallen acted corruptly or maliciously in the performance of these tasks, the defendants would still be entitled to absolute immunity from this suit. Because Gray and Kallen are protected by absolute prosecutorial immunity from any claims arising under § 1983, I will grant their joint Motion to Dismiss.

DEFENDANT J. JACK KENNEDY, JR.

Defendant Kennedy is entitled to absolute quasi-judicial immunity since at all times relevant to this case, he was acting in his role as clerk of Wise County Circuit

Court. As the Fourth Circuit recognized in *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir. 1975), individuals cannot be sued for damages in a § 1983 case for actions stemming from the performance of quasi-judicial functions. The purpose of absolute quasi-judicial immunity for those who perform quasi-judicial functions is, "to protect their decisionmaking function from being impeded by fear of litigation or personal monetary liability." *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999).

The plaintiff argues that Kennedy left his official duties and therefore lost his immunity. In particular, the plaintiff alleges that Kennedy wrongfully assisted in the execution of an extradition order and willfully falsely certified a capias alleging that the plaintiff had committed probation violation. As Kennedy correctly argues, however, even accepting these allegations as true does not deprive him of absolute quasi-judicial immunity, since these are actions that are judicial in nature. In short, even if Kennedy performed these duties maliciously or corruptly, he is still entitled to absolute quasi-judicial immunity. Thus, since Kennedy is protected by the doctrine of quasi-judicial immunity from any actions arising under §1983 or state law, I will grant his Motion to Dismiss.[7]

---

[7] The plaintiff has filed a motion to add a new named defendant—Joseph Kirk—in place of one of the John Does. The motion does not make any specific claim against Kirk or describe his actionable conduct. Kirk apparently was a deputy clerk to defendant Kennedy and thus would share Kennedy's immunity. I will therefore deny the motion as futile.

- 10 -

## DEFENDANTS PAUL DARRELL SMITH AND COMMUNITY BASED CORRECTIONS, INC.

Defendants Smith and CBCI are not state actors within the meaning of § 1983 and hence, cannot be sued for claims arising under this statute. For a plaintiff to state a claim under § 1983, the plaintiff must show that the alleged infringement of constitutional rights was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Supreme Court emphasized in *West*, a person is acting under color of state law when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotations omitted). A private actor can only be subjected to liability under § 1983, when "there is such a close nexus between the State and the challenged action [of the private actor] that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001) (internal quotations omitted).

The plaintiff argues that CBCI's and Smith's actions were under color of state law. Citing to *West*, the plaintiff states that the Supreme Court has clearly held that private individuals who perform services for inmates or supervise offenders are state actors. 487 U.S. at 54-57. However, the Court's holding in *West* is more limited than

the plaintiff suggests. While it is true that the Court held in *West* that a physician who worked part time at a state prison hospital under contract with the state was a state actor, the Court did not find that all private individuals who perform services for inmates are state actors. The Court reiterated in *Brentwood Academy*, that "no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." 531 U.S. at 295-296.

In short, Smith and CBCI are not state actors merely because they provided services to inmates. Rather, this court must look at all of the facts alleged in this case to determine whether these private parties were state actors when they allegedly infringed the plaintiff's constitutional rights.

The plaintiff relies heavily on CBCI's contract with the Wise County Sheriff's Department and states that "the very terms of the contract that Smith produces reveals that his company CBCI is acting as a custodial arm, and financial partner, of the Wise County Jail. As the arm of Wise County, Smith even had the power to arrest Plaintiff." (Pl.'s Br. Mot. Dismiss 5.) However, contrary to the plaintiff's assertions, the contract actually states that the inmates supervised by CBCI remain under the Wise County Jail's control pursuant to state statute and that if CBCI believes that an

- 12 -

Case 2:06-cv-00031-JPJ-PMS   Document 156   Filed 02/11/07   Page 12 of 19   Pageid#: 1001

inmate has violated the terms of his release, CBCI should notify Wise County Jail for the inmate to be picked up. (Def.'s Br. Mot. Dismiss Ex. D.) The contract therefore supports the defendants' argument that they were merely engaged in a commercial relationship with the Wise County Sheriff's Department, and were not under the direct supervision of Wise County. The plaintiff even admits that Wise County had little involvement with the home electronic monitoring—"County failed to exercise any, let alone reasonable, oversight over how the monitoring agent was treating the wards over whom it had been entrusted." (Pl.'s Br. Mot. Dismiss 12.**)** Thus, since the record and the allegations in the complaint support the defendants' assertion that they were not state actors within the meaning of § 1983, I will dismiss any claims arising under this statute against these defendants.

But unlike the defendants previously discussed, defendants Smith and CBCI are not entitled to immunity from the state law claims contained in the complaint. The plaintiff has asserted jurisdiction over these claims based on the court's supplemental jurisdiction, although a court may decline to exercise its supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C.A. § 1367(c). In *Carnegie-Mellon University v. Cohill*, the Supreme Court opined that "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity. . . . When the balance of these factors

indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." 484 U.S. 343, 350 (1988). While *Carnegie-Mellon University* predates § 1367, the Fourth Circuit has noted that this opinion, "continues to inform the proper interpretation of § 1367(c)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F. 3d 611, 616 (4th Cir. 2001).

Because I will dismiss the federal claims against CBCI and Smith, and the state law claims have not progressed very far, judicial economy will not be served by retaining jurisdiction over the state law claims. I will therefore dismiss the state law claims against these defendants without prejudice.

DEFENDANT ANTHONY E. COLLINS.

Defendant Collins, the plaintiff's former criminal defense attorney, is not a person within the meaning of § 1983 and hence, cannot be sued for any claims arising under this statute. *See Deas v. Potts,* 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is *not* acting under color of state law, and therefore is not amenable to suit under § 1983.") The plaintiff has also alleged claims based on state law against Collins, namely a cause of action for legal malpractice. But I will once again decline to exercise this court's supplemental

jurisdiction. Since I have dismissed the federal claims at an early stage, I find that the state claims are now a better fit for state court. Thus, I will grant the defendant's motion and dismiss any claims arising under § 1983 with prejudice and any state law claims against him without prejudice.

### DEFENDANTS CAROLINE STEVENS AND BEHAVIORAL INTERVENTIONS, INC.

Defendants Stevens and BI are also not persons within the meaning of § 1983 and similarly cannot be sued under this statute. The plaintiff alleges that Stevens was appointed by Judge Stump to oversee the plaintiff's home electronic monitoring and that Stevens worked as an agent of Wise County, Wise County Sheriff's Department and CBCI. But the plaintiff's merely conclusory allegations that Stevens was an agent of Wise County and Wise County Sheriff's Department and therefore a state actor within the meaning of §1983, are insufficient to withstand dismissal. The record suggests that in fact Stevens was not acting under color of state law when she allegedly infringed the plaintiff's constitutional rights.

The plaintiff alleges that BI is licensed to render home electronic monitoring services in Virginia and at all times material acted through its agents, defendants Smith, Stevens, and CBCI. But the plaintiff has failed to set forth any well-pleaded allegations that would suggest that there was such a close nexus between Wise County

- 15 -

and the challenged actions of BI that BI could be considered a state actor within the meaning of § 1983. The plaintiff has actually presented no facts indicating that BI had any relationship whatsoever with Wise County. The home electronic monitoring contract explicitly states that it is between the Wise County Sheriff's Department and CBCI. (Def.'s Br. Mot. Dismiss Ex. D.) BI is never mentioned in this contract. (*Id.*) In its Motion to Dismiss, CBCI also states that it merely leased home electronic monitoring equipment from BI and contrary to the plaintiff's allegations, it did not work under BI's supervision. (Def.'s Br. Mot. Dismiss 13.) The plaintiff's unsupported allegations that BI was the principal of defendants Smith, CBCI, and Stevens are thus insufficient to suggest that BI was acting under the color of state law at any time relevant to this case.

Because Stevens and BI are not persons within the meaning of § 1983, I will dismiss any claims against them arising under this statute. While these defendants did not file motions to dismiss, I have the inherent power to dismiss sua sponte claims against these defendants for which relief cannot be granted. *See Eriline Co. v. Johnson,* 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it."). In *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994), the Second Circuit affirmed the district court's dismissal sua sponte of claims arising under §

- 16 -

Case 2:06-cv-00031-JPJ-PMS   Document 156   Filed 02/11/07   Page 16 of 19   Pageid#: 1005

1983 against a state judge based on the doctrine of judicial immunity even though the state judge had not filed a motion to dismiss. The court held that a district court can dismiss a complaint sua sponte for failure to state a claim as long as the plaintiff is given notice and an opportunity to be heard. *Id.* Furthermore, the *Wachtler* court reasoned that the plaintiff had received notice and an opportunity to be heard even though the state judge had not moved for dismissal, since other defendants in the case had filed motions to dismiss to which the plaintiff had responded. *Id.*

The plaintiff here was given notice that most of the defendants were moving for dismissal and the plaintiff had an opportunity to be heard through the submission of briefs in opposition. In particular, since the plaintiff's claims against Stevens and BI (the alleged agent and supervisor of CBCI) are essentially the same as those against CBCI and Smith, the plaintiff had an opportunity to respond to the potential dismissal of BI and Stevens when he filed a brief opposing CBCI's and Smith's joint motion to dismiss. Consequently, I will dismiss sua sponte any claims arising under § 1983 against Stevens and BI.

I will also dismiss any state law claims against Stevens and BI without prejudice since judicial economy will not be served by retaining jurisdiction over these pendent state law claims upon dismissal of the federal law claims.[8]

III

I will dismiss the claims as indicated without first allowing the plaintiff leave to amend the First Amended Complaint, since even with the proposed amendments, the plaintiff has failed to state a claim for which relief can be granted. A district court may deny a plaintiff's request to amend before dismissal where even with the proposed amendments, dismissal would still be granted. *See Szaller v. Am. Nat'l Red Cross*, 293 F.3d 148, 150 (4th Cir. 2002).

The plaintiff's proposed amendments would not deprive defendants Stump, Gray, Kallen, and Kennedy of immunity, or affect my determination that defendants Wise County, CBCI, Smith, Stevens, and BI, cannot be sued under § 1983 for the actions alleged. Because any amendment to the complaint would be futile, I will deny the plaintiff's request for leave to amend.

---

[8] The plaintiff earlier moved for a default against defendant Stevens, but the motion was denied by the Central District of California and was not renewed in this court.

## IV

For the reasons stated, the defendants' motions to dismiss will be granted, and I will dismiss sua sponte the plaintiff's claims against defendants Stevens and BI. A separate final judgment will be entered.

DATED: February 11, 2007

/s/ JAMES P. JONES
Chief United States District Judge